**EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re § | | |
| § | | |
| MOODY NATIONAL SHS § | Case No. 10-30172 | |
| HOUSTON H, LLC; § | | |
| § | | |
| Debtor. § | Chapter 11 | |

**DECLARATION OF HENRY J. KAIM**
**AND DISCLOSURE UNDER BANKRUPTCY RULE 2014**

I, Henry J. Kaim, hereby state and declare as follows:

1. I am a partner in the firm of King & Spalding LLP ("K&S"), a law firm that maintains various offices including an office at 1100 Louisiana Street, Suite 4000, Houston, Texas 77002. I am duly authorized to make this Declaration on behalf of K&S, and I make this Declaration in support of the Debtor's Application to Approve Retention of King & Spalding LLP as Bankruptcy Counsel to the Debtor pursuant to 11 U.S.C. §§ 327(a) and Federal Rule of Bankruptcy Procedure 2014 (the "Application"). The facts set forth in this Declaration are personally known to me, and, if called as a witness, I could and would testify thereto. Unless otherwise defined, all capitalized terms used herein have the meanings given to them in the Application.

2. Neither K&S, nor any partner of, associate of, or counsel to K&S represents any entity other than the Debtor in connection with the Debtor's Chapter 11 case.

3. On January 4, 2010, K&S received a $100,000.00 retainer from hotel revenues to secure legal fees and expenses (the "Retainer"). K&S has yet to draw on the Retainer.

4. K&S is a "disinterested person," as that term is defined in Section 101(14) of the Bankruptcy Code, in that, except as otherwise disclosed herein, K&S, its partners, counsel, and associates:

    (a)    are not creditors, equity holders, or insiders of the Debtor;

    (b)    are not and were not, within two (2) years before the Petition Date, a director, officer, or employee of the Debtor; and

    (c)    have not represented any party in connection with matters materially adverse to the Debtor.

5. To the best of my knowledge, information, and belief, other than in connection with this case, K&S does not have any connection with the Debtor, its creditors, the United States Trustee, the Bankruptcy Judge presiding in this case, or any other party with an actual or potential interest in this Chapter 11 case, or their respective attorneys or accountants, except that K&S may have appeared from time to time in the past, and may appear in the future, in other cases or matters where one or more of such parties may have been or may be involved.

6. K&S has researched its client database to determine whether it has any relationships with the following entities: the Debtor, its principal, its secured lender, and a party that has filed a mechanic's lien against the property. The identities of the foregoing entities, which were provided to K&S by the Debtor and were researched in the K&S client database ("Interested Parties"), are listed on Attachment 1 hereto. To the extent K&S has relationships with an Interested Party, none were in connection with the Debtor and none of the Interested Parties have billings or payments that constitute more than 2% of the firm's 2009 annual revenues.

7. The K&S research included files that had been closed in the last two years. K&S may have represented other Interested Parties on matters unrelated to the Debtor or its Chapter 11 case during the period which is more than two (2) years prior to the Petition Date.

- 2 -

- 3 -

8. As part of its practice, K&S appears in cases, proceedings, and transactions involving many different attorneys, accountants, financial consultants, and investment bankers, including other professionals representing the Debtor.  In certain instances, such professionals may be the client of K&S or may represent K&S.  All of the other cases, proceedings and transactions in which K&S is involved and professionals representing the Debtor or other parties in interest are also involved, are unrelated to the Debtor and this Chapter 11 case.

10. To the best of my knowledge, information, and belief formed, K&S does not hold or represent any interest adverse to the Debtor's estate that would preclude our representation of the Debtor.

11. Subject to the Court's approval of the Application, K&S in this case, will earn and receive only those fees and other payments authorized by this Court.

12. In consideration for services to be rendered to the Debtor in this Chapter 11 case, K&S, subject to the approval of the Court, will be compensated on an hourly basis for such services rendered and will be reimbursed for all reasonable and necessary out-of-pocket expenses.

13. The 2009 hourly rates of attorneys expected to work on this case range from a low of $260.00 per hour to as much as $740.00 per hour for certain senior partners (excluding staff attorneys), and the current hourly rates of paralegals, legal assistants and document clerks range from a low of $205.00 to a high of $275.00.  The firm's hourly rates are subject to adjustment annually.

14. No agreement or understanding exists between K&S and any other person for a division of compensation for services rendered in or in connection with this case except among partners of K&S, and no such division of compensation prohibited by Section 504 of the

- 3 -

Bankruptcy Code will be made. K&S has not shared or agreed to share any compensation received in this case with any entity other than among its partners.

15. Accordingly, the proposed employment of K&S is appropriate under Section 327(a) of the Bankruptcy Code and is not prohibited by or improper under Federal Rule of Bankruptcy Procedure 5002. K&S and the professionals it employs are qualified to represent the Debtor in the matters for which K&S is proposed to be employed.

16. To the extent any information disclosed herein requires amendment or modification upon K&S's completion of further review or as additional party-in-interest information becomes available, a supplemental declaration will be submitted to the Court reflecting such amended or modified information.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge and belief.

Executed on January 20, 2010, at Houston, Texas.

_____
Henry J. Kaim