UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
CHARLES F. McVAY
UNITED STATES TRUSTEE
NANCY L. HOLLEY
TRIAL ATTORNEY
515 Rusk, Suite 3516
Houston, TX 77002
Telephone: (713) 718-4650 x232
Fax: (713) 718-4670

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MOODY NATIONAL SHS | § | CASE NO. 10-30172-H1-11 |
| HOUSTON H, LLC | § | CHAPTER 11 |
| | § | |
| DEBTOR | § | |

**UNITED STATES TRUSTEE'S OBJECTION TO
DEBTOR'S PLAN OF REORGANIZATION**
(docket #21)

TO:   THE HONORABLE MARVIN ISGUR
      UNITED STATES BANKRUPTCY JUDGE

COMES NOW, CHARLES F. McVAY, UNITED STATES TRUSTEE FOR THE SOUTHERN DISTRICT OF TEXAS ("UST") through the undersigned in furtherance of his administrative duties and files this objection to the DEBTOR'S PLAN OF REORGANIZATION (docket #21) and requests that the Court deny confirmation plan, or in the alternative, confirmation of this plan without modification, for the following reasons:

1.   Charles F. McVay is the United States Trustee for the Southern and Western Districts of Texas.

2.   The UST is an officer of the United States Department of Justice. 28 U.S.C. §581. His duties are set forth in 28 U.S.C. 586, 11 U.S.C. §307, and throughout the Bankruptcy Code. 11

U.S.C. §101 et. seq.

3. One significant responsibility of the UST is to supervise the administration of cases under Chapter 11 of the Bankruptcy Code. 28 U.S.C. §586. Specifically, the UST is charged with monitoring plans and disclosure statements filed in cases under chapter 11 of title 11 and filing with the court, in connection with hearings under sections 1125 and 1128 of such title, comments with respect to such plans and disclosure statements. *Id*. at §586(a)(3)(B).

## No Authority To Propose Plan

4. The UST objects to confirmation of MOODY NATIONAL SHS HOUSTON H, LLC'S ("MOODY/DEBTOR") Plan of Reorganization ("Plan") because after review of this Debtor's Tenants in Common Agreement (TICA) it does not appear that the Debtor has authority to propose on behalf of all other tenants in common (TICs) reinstatement of the subject note on the Springhill Suites Medical Center Reliant Park (the "Project").

5. On information and belief, the Debtor is currently one of twenty-nine (29) TICs with an undivided interest in the Project, a Marriot branded Hotel. The agreement between these TICS is governed by the attached TICA, which is incorporated as Exhibit A for all purposes. The TICA describes that the association of these TICs is not a partnership or joint venture in fact or in law. See TICA Recital 1.

6. On information and belief, the Debtor holds a 0.7965% undivided interest in the Project.

7. Unanimous consent of all TICs is required under §2.2.1 of the TICA for several purposes, including " . . . (iii) any loan, or modification of any loan, secured by the Project". The Debtor has filed no document indicating that it has the consent of all of the TICs in the Project to propose a plan to reinstate the mortgage note of RLJ III-Finance Houston, LLC ("RLJ") as proposed in the Debtor's Plan.

8.      The TICA does not give any one (1) TIC the authority to file for bankruptcy reorganization of the Project.  While the TICA does not speak explicitly to reinstatement of the mortgage note on the Project, it repeatedly states that no TIC is authorized to do any act that will bind any other TIC or incur any obligation with respect to the Project.  See TICA §2.2  Section 9 of the TICA provides that if any TIC "becomes bankrupt" (as that term is defined in the TICA) that Moody National Realty Company L.P. ("Moody National") has the right of first refusal and the other TICs have second priority to purchase the debtor TIC's interest.  However, the TICA is silent as to whether any one TIC by its "becoming bankrupt" may bind or affect the interest of other TICs in the Project.  This provision of the TICA suggests that the other TICs are unaffected by the bankruptcy of any other TIC.  So, while the filing of a bankruptcy by one TIC may afford relief of the automatic stay to the interest of the debtor-TIC in property it holds jointly and severally with other TICs, the debtor-TIC is not thereby authorized under the TICA to resolve issues of the entire Project by and through a plan of reorganization.

9.      The Debtor's 0.74956% interest in the Project is the Debtor's only asset.  Without the other TICs filing and jointly administering their cases, it does not appear that a plan of reorganization can be proposed in this bankruptcy case which involves either reinstatement of the mortgage note or other actions affecting the disposition of the Project.  The Debtor's only possible "plan" is the sale of its 0.74956% interest to Moody National, another TIC, or other investors.

## Plan Deficiencies

10.      If the Court finds that the Debtor has the authority to propose the current Plan of Reorganization, then the UST objects to this Plan because it fails to provide for financial reporting to the UST, specifically the reporting of disbursements made by or on behalf of the

Debtor and all other TICs, and the payment of UST quarterly fees. Disbursements under the proposed Plan would include all payments made pursuant to the proposed Plan[1] necessary to cure all deficiencies and reinstate the mortgage note, including all rental payments, lien payments and administrative costs paid on behalf of and for the benefit of the Debtor as an investor in the Project.

WHEREFORE, THE UNITED STATES TRUSTEE PRAYS THAT this Court deny confirmation of the Debtor's Plan of Reorganization, or in the alternative, deny confirmation without provision for financial reporting to the United States Trustee and the payment of UST quarterly fees until this case is closed or converted to chapter 7, or for other and further relief as may be appropriate.

DATED this the 26th day of January, 2010.

CHARLES F. McVAY
UNITED STATES TRUSTEE

/s/ Nancy L. Holley
NANCY L. HOLLEY
TRIAL ATTORNEY
State Bar No. 09875550
515 Rusk, Suite 3516
Houston, TX  77002
(713) 718-4650 x232

---

[1] Disbursements contemplated by the Plan include $568,743.07 to the class 1 secured creditor, $54,688.27 to the class 2 lienholder, and all administrative expenses.

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a copy of the above UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S PLAN OF REORGANIZATION **without** Exhibit A has been served upon the Debtor, Debtor's Counsel, and all of the TIC's listed on the Debtor's mailing matrix, while a copy of the objection **with** Exhibit A has been served upon all other parties in interest on the Debtor's mailing matrix. All parties listed below were served by either ECF transmission OR by first class mail, postage prepaid, on the 27th day of January, 2010.

/s/ Nancy L. Holley
NANCY L. HOLLEY
TRIAL ATTORNEY
State Bar No. 09875550
515 Rusk, Suite 3516
Houston, TX   77002
(713) 718-4650 X232

**Debtor**

Moody National SHS Houston H, LLC
6363 Woodway
Suite 110
Houston, TX 77057

**Debtor's counsel**

Henry J Kaim
King & Spalding LLP
1100 Louisiana
Suite 4000
Houston, TX 77002

**Parties in Interest and Requesting Notice**

Harris County et al
Linebarger Goggan Blair & Sampson LLP
c/o John P. Dillman
PO Box 3064
Houston, TX 77253-3064

Apex by Liquidation Capital, LLC
50 California St 15th Floor
San Francisco CA 94111

Barry and Nancy Wallman Revocable Trust
11558 Sumac Lane
Camarillo CA 93012

Leo Vasquez
Harris Co Tax Assessor Collector
PO Box 4622
Houston TX 77210-4622

Luce Forward Hamilton & Scripps LLP
Attention: Darryl Steinhause
600 West Broadway Suite 2600
San Diego CA 92101-3391

Northstar Recovery Service
C/O Gregory G DiCarlo
1092 Jacoby Road
Copely OH 44321

RLJ III Finance Houston LLC
C/O Leslie D Hale CFO
RLJ Development LLC
3 Bethesda Metro Center Ste 1000
Bethesda MD 20814

TIC SHS Houston 10 LLC et al
Jay K Liljenquist|Robert C Liljenquist
C Craig Liljenquist
5159 Commerce Drive
Murray UT 84107

TIC SHS Houston 14 LLC
Matthew K MenIove
Marc K Menlove
Chad K Menlove
3170 South 1940 East
Salt Lake City UT 84106

TIC SHS Houston 16 LLC
Jolm D. Petshow
2725 NW Gales Creek Road
Forest Grove OR 97116

TIC SHS Houston 17 LLC
Dwight L Jackson and Karen A Jackson
74 Partridge Court
Alamo CA 94507

TIC SHS Houston 18 LLC
Lawrence B Miller
1840 Mountain View Drive
Tiburon CA 94920

TIC SHS Houston 19 LLC
Tyler Cook
530 Fabian Drive
Fairbanks AK 99712

TIC SHS Houston 2 LLC
Patricia Hood
12400 Pflumm Road
Olathe KS 66062

TIC SHS Houston 20 LLC
Arnold G Friedman and Gayle K Friedman
473 Santa Dominga
Solana Beach CA 92075

TIC SHS Houston 21 LLC
Raymond R Chenson
Audrey Aim Chenson
23615 Welby Way
West Hills CA 91307

TIC SHS Houston 23 LLC
Charles A Neuendorf
3629 4th Avenue Ste A
San Diego CA 92103

TIC SHS Houston 24 LLC
Peter E Ronay
567 Prospect Boulevard
Pasadena CA 91103

TIC SHS Houston 26 LLC
Melvin Belasco and Harriet Belasco
17216 Benner Place
Encino CA 91316

TIC SHS Houston 27 LLC
Kenneth D Phillips and Janis B Phillips
74 Austin Avenue
San Anselmo CA 94960

TIC SHS Houston 3 LLC
Michael H Roundy
PO Box 563
Eden UT 84310

TIC SHS Houston 4 LLC
R Lane Scott
10 St Remy Court
Newport Beach CA 92657

TIC SHS Houston 5 LLC
Allan J. Rovner|
615 152nd Street
Urbandale Iowa 50323

TIC SHS Houston 8 LLC
Laura Martha Boedecker
15138 W Waterford Drive
Surprise AZ 85374

TIC SHS Houston 9 LLC
Christian Bang
4804 Wellington Park
San Jose CA 95136

TIC SHS Houston I LLC
Robeli Wass and Iva Wass
24105 Verdun Lane
Murrieta CA 92562

TIC SI-IS Houston 25 LLC
Robert T Lukens and Marion A Lukens
3150 La Plata Avenue
Hacienda Heights CA 91745

TIC SI-IS Houston 28 LLC
Dan Paul
2032 Trillium Court
Cannonsburg PA 15317

TIC SI-IS Houston 6 LLC
Wing C Leung and Cindy K Leung
10441 Scenic Circle
Cupertino CA 95014